UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  16-cv-81975-BB

MATT FRIEDMAN, *et al.*,

    Plaintiffs,
v.

NICHOLAS SCHIANO, *et al.*,

    Defendants.
_____/

### ORDER DENYING DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT

**THIS CAUSE** is before the Court upon Defendants Nicholas Schiano, d/b/a HotWireMedia.com, M&M Entertainment, Inc., and BarMitzvahs.com, Inc.'s (collectively, "Defendants") Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Request for Rehearing (the "Motion").  *See* ECF No. [109].  The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, and applicable law.  For the reasons that follow, the Motion is denied.

**I.  BACKGROUND**

On December 8, 2016, Plaintiffs filed their Verified Complaint.  *See* ECF No. [1].  Defendants failed to appear in the action and Plaintiffs thereafter filed a Motion for Entry of Clerk's Default, *see* ECF No. [9], which the Clerk entered the next day, *see* ECF No. [11].  On January 17, 2017, upon Plaintiffs' appropriately filed Motion for Default Judgment, the Court entered a Final Default Judgment and Permanent Injunction against Defendants.  *See* ECF No. [23].  On March 22, 2017, after conducting an evidentiary hearing, the Court entered an order on Plaintiffs' motion for contempt and sanctions.  *See* ECF. No. [46].  A Final Default Judgment followed as to damages, fees, and costs.  *See* ECF No. [57].  On May 19, 2017, Defendants filed

a Motion to Vacate Final Default Judgment and Permanent Injunction, along with various other Court orders. *See* ECF No. [64]. On November 14, 2017, the Court denied Defendants' motion to vacate (the "Order") after holding an evidentiary hearing on the motion. *See* ECF No. [108]. On November 27, 2017, Defendants filed the present Motion. *See* ECF No. [109]. The parties filed their response and reply. *See* ECF Nos. [136], [160]. The Motion is ripe for review.[1]

## II. LEGAL STANDARD

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *See In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

## III. DISCUSSION

Defendants have not presented newly-discovered evidence in the Motion, nor have they shown that the Court committed a manifest error of law or fact to justify reconsideration. Defendants first contend that the Court erred in applying Rule 60(b) to their motion to vacate rather than Rule 55(c), and then spend the rest of the Motion (and reply) arguing that the Court should have vacated the final default judgment under the less rigorous standard of Rule 55(c). *See* ECF Nos. [109], [160]. However, as the Court noted in its Order, Rule 55(c) itself clearly provides that that the proper vehicle to vacate final default judgments is Rule 60(b): "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

---

[1] On January 25, 2018, the Court denied the Motion as moot, *see* ECF No. [170], upon Defendant Schiano's Notice of Suggestion of Bankruptcy, *see* ECF No. [167]. On February 14, 2018, Schiano filed a notice informing the Court that the Bankruptcy Court lifted the automatic stay so that the Court could consider the Motion. *See* ECF No. [179].

Indeed, even the case cited by Defendants states that the operative rule for final default judgments is Rule 60(b). In *Dassault Systemes, SA v. Childress*, the Sixth Circuit Court of Appeals stated:

> Because of the initial grant of default judgment and the timing of [Defendant's] motion to set aside entry of default judgment, it is not immediately clear which rule should have been applied. At first blush, the district court's grant of [Plaintiff's] motion for *default judgment* suggests that Rule 60(b) should apply. But, because final judgment was not entered until after [Defendant] filed his motion to set aside entry of default judgment, applying the Rule 60(b) standard to a motion challenging a not-yet-final default judgment seems premature. . . . The final default-judgment entry on the docket was filed on July 20, 2010. Because Defendant filed his motion to set aside entry of default judgment on January 27, 2010, well before the district court entered a final judgment, we conclude that the Rule 55(c) "good cause" standard should be applied.

663 F.3d 832, 839–40 (6th Cir. 2011) (emphasis in original). Defendants filed their motion to vacate after the Court entered final default judgments as to liability and damages. *See* ECF Nos. [23], [57]. The applicable rule, therefore, was Rule 60(b).

Defendants contend that the Court should have treated Schiano's *pro se* March 23, 2017 email to the Court as a motion to vacate. *See* ECF No. [109], at 3–5. First, the email was sent after the Court had already entered the Final Default Judgment and Permanent Injunction in favor of Plaintiffs. *See* ECF No. [23] (entered on January 17, 2017). Thus, Rule 55(c) would not have been applicable. It is true that *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and [should], therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Nonetheless, the insistence that *pro se* pleadings should be liberally construed does not "suggest[] that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Moreover, "the Court informed [Schiano] following

his email that the corporate Defendant could not file responses without representation. And yet, . . . he waited until . . . May 19, 2017, to file the [motion to vacate]." ECF No. [108], at 16.

Defendants also argue that the Court erred by giving Schiano's email "no weight whatsoever," "improperly ignor[ing]" the email, and failing to expressly warn the corporate Defendants of their need for counsel in contravention of *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737 (11th Cir. 2017). *See* ECF No. [109], at 4–5. In *Safari*, the district court did not recognize a letter by Defendant and struck it "without notice to [Defendant] and an opportunity to obtain counsel, which generally is required before a court takes a dispositive action with respect to a corporate party . . . ." 686 F. App'x at 745.

First, the Court never struck any of Schiano's emails from the record. *See* ECF Nos. [53], [55], [58]. The Order, moreover, belies Defendants claims. Unlike the district court in *Safari*, this Court took into account Schiano's email: when determining whether Defendants provided good reason for their failure to timely appear, the Court measured Defendants' delay from the moment Schiano emailed the Court and Defendants' filed the motion to vacate. *See* ECF No. [108], at 15 (calculating delay and concluding that, "Defendants had notice of the proceedings for months before emailing the Court and moving to vacate. Such delays are not excusable."). And, not only was Schiano on notice that the corporate Defendants needed to be represented by counsel, the Court's final default judgment as to damages was entered over a month after Schiano emailed the Court and was on notice of the corporate Defendants' need for counsel. *See Id*. at 16 ("At the evidentiary hearing on the [motion to vacate], Schiano testified . . . that he acted quickly in retaining counsel once the Court informed him following his email that the corporate Defendants could not file responses without representation."); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985) (affirming dismissal of corporate claims

4

brought by a *pro se* plaintiff where the plaintiff was "fully advised of the need for proper representation of the corporate claims").

The remainder of Defendants arguments do not warrant discussion as they effectively "disagree[] with the [Court's] treatment of certain facts and its legal conclusions" regarding the Court's finding, in its discretion, that the totality of the circumstances weighed against a finding of "excusable neglect" under Rule 60(b)(1).[2]  *Michael Linet, Inc.*, 408 F.3d at 763.  As this Court pointed out previously, Defendants "cannot use a Rule 59(e) motion to relitigate old matters . . . [or] raise [new] argument[s]." *Id*.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Request for Rehearing, **ECF No. [109]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of February, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

---

[2] For instance, Defendants argue that the Court "failed to apply the liberal standard for setting aside default judgments." *See* ECF No. [109], at 5–6.  Yet the liberal construction afforded to Rule 60(b) must also be balanced against the "countervailing . . . desire to preserve the finality of judgments." *Safari Programs, Inc.*, 686 F. App'x at 743.  Defendants also contend that the Court based its findings "upon improper or insufficient grounds" and failed to properly weigh the financial loss to Defendants, their affirmative defenses, and their delay in the case.  *See* ECF No. [109], at 6–15.  A review of the Order makes it clear that the Court considered all the factors identified by the Eleventh Circuit and the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), that are relevant to establish grounds for relief under Rule 60(b)(1).  *See* ECF No. [108], at 11–17.